UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERAY SMITH,

    Petitioner,

v.

KENNETH McKEE,

    Respondent.
_____/

Civil Action No.
09-CV-14876

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER HOLDING PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE

Petitioner Deray Smith, confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for a writ of habeas corpus, as well as an amended petition, pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree murder and armed robbery. Petitioner has also filed a motion to hold the petition in abeyance to permit him to complete post-conviction proceedings in the state courts, where he is attempting to exhaust several of the claims contained in his petition. For the reasons stated below, the court will hold the petition in abeyance and will stay the proceedings under the terms outlined below to permit petitioner to complete his post-conviction proceedings in the state courts. The court will also administratively close the case.[1]

---

[1] On December 22, 2009, Magistrate Judge R. Steven Whalen issued an order of deficiency based upon petitioner's failure to pay the $ 5.00 filing fee or to submit an application to proceed in forma pauperis. Petitioner has since corrected the deficiency by paying the filing fee.

### I. Background

Petitioner was convicted of the above offenses following a jury trial in Wayne County Circuit Court. The conviction was affirmed on appeal. *See People v. Smith,* No. 254523 (Mich. Ct. App. May 11, 2006); *lv. den.* 477 Mich. 910 (2006).

Petitioner subsequently filed a post-conviction motion for relief from judgment, in order to exhaust what currently make up the seventh through fourteenth claims that are contained in his petition for a writ of habeas corpus. The trial court denied the motion for relief from judgment. *See People v. Smith,* No. 03-003196-02 (Third Judicial Circuit, Apr. 16, 2008). The Michigan Court of Appeals subsequently denied petitioner leave to appeal. *See People v. Smith,* No. 290577 (Mich. Ct. App. July 28, 2009). Petitioner has yet to exhaust these post-conviction claims with the Michigan Supreme Court.

While his first post-conviction motion was pending in the state courts, petitioner filed a second motion for relief from judgment, raising what make up the fifteenth through eighteenth claims in his current petition. The second motion was denied by the trial court. *See People v. Smith,* No. 03-003196-02 (Third Judicial Circuit, Sept. 17, 2009). Petitioner has yet to appeal the denial of this second motion for relief from judgment to the Michigan Court of Appeals or to the Michigan Supreme Court.

Petitioner has asked this court to hold the petition in abeyance while he completes both post-conviction proceedings in the state courts.

### II. Discussion

The instant petition is subject to dismissal because it contains claims which have yet to be exhausted with the state courts. A prisoner seeking federal habeas relief must first exhaust

available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). To exhaust a claim for federal habeas review, a petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. *See Regan v. Hoffner,* 209 F. Supp.2d 703, 710 n.3 (E. D. Mich. 2002). A federal district court should generally dismiss a habeas petition that contains any unexhausted claims. *See Rose v. Lundy,* 455 U.S. 509, 510, 522, (1982); *Regan,* 209 F. Supp.2d at 710 n.3.

In the present case, petitioner's seventh through eighteenth claims are unexhausted because he raised these claims in his two separate post-conviction motions, both of which remain pending before the state courts. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. *See* MCR 6.509; MCR 7.203; MCR 7.302; *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner has yet to appeal the denial of his first post-conviction motion to the Michigan Supreme Court and he has yet to appeal the denial of his second motion for relief from judgment to either the Michigan Court of Appeals or to the Michigan Supreme Court. Because he has failed to complete the appellate process for either of his post-conviction motions, petitioner has failed to satisfy the exhaustion requirement.

However, rather than dismiss the petition in this matter, the court will grant petitioner's motion to hold it in abeyance while petitioner exhausts his claims in the state courts. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005), *citing Rhines v. Weber,* 544 U.S. 269 (2005); *Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002).

When a district court determines that a stay is appropriate pending exhaustion of state

court remedies, the court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the court shall require that petitioner notify this court within 60 days of exhausting his state court remedies with respect to all of his claims and ask that the stay be lifted. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III. Order

For the reasons stated above,

IT IS ORDERED that the petition in this matter shall be held in abeyance pending the completion of petitioner's state applications for post-conviction review. This tolling is conditioned upon petitioner notifying this court within 60 days of exhausting his state court remedies with respect to all of his claims and asking that the stay be lifted.

IT IS FURTHER ORDERED that the clerk of court close this case for statistical purposes only. Nothing in this order shall be considered a dismissal or disposition of this matter.

    S/Bernard A. Friedman_____
    BERNARD A. FRIEDMAN
    SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 7, 2010
     Detroit, Michigan