# IN THE MICHIGAN COURT OF APPEALS

## ORDER

Re: **People of MI v Deray Smith**
Docket No. **299374**
L.C. No. **03-003196**

William B. Murphy, Chief Judge, acting under MCR 7.203(F)(1), orders:

The motion to waive fees is GRANTED for this case only.

The delayed application for leave to appeal to appeal is DISMISSED. Defendant's appeal from the order denying a successive motion for relief from judgment is prohibited by MCR 6.502(G).

_____
Chief Judge

A true copy entered and certified by Sandra Schultz Mengel, Chief Clerk, on

OCT   6 2010
_____        _____
Date                              Chief Clerk

# STATE OF MICHIGAN
## IN THE COURT OF APPEALS

**People of the State of Michigan**,
      Appellee,

v

**Deray Smith,**  *in pro per* .
      Appellant,

**Court of Appeals:**

**Lower Court:** 03-003196- 02

*Deray Smith #396856*
*Macomb Correctional Facility*
*34625 26 Mile Rd.*
*New Haven, MI 48048*
      *in pro per*

Wayne County Prosecutor
*Frank Murphy Hall of Justice*
*1441 St. Antoine*
*Detroit, MI 48226*
Attorney for Appellee

APPLICATION FOR LEAVE TO APPEAL

STATEMENT OF FACTS EXPLAINING DELAY

PROOF OF SERVICE

# STATE OF MICHIGAN
# IN THE COURT OF APPEALS

---

**People of the State of Michigan,**
    Appellee,

v

**Deray Smith,**  *in pro per*
    Appellant,

**Court of Appeals:**

**Lower Court:** 03-003196-02

**STATEMENT OF FACTS**
**EXPLAINING  DELAY**

---

Deray Smith  #396856
~~Macomb Correctional Facility~~
~~34625  26 Mile Rd.~~
~~New Haven, MI 48048~~
in pro per

*Level 2*
*Ionia maximum corr facility*
*1576 W. Bluewater Hwy*
*Ionia, Mich 48846*

Wayne County Prosecutor
Frank Murphy Hall of Justice
1441 St. Antoine
Detroit, MI 48226
Attorney for Appellee

On 9-17-09 Judge
    Daniel P. Ryan of the Wayne County Circuit Court entered an Order denying my Motion for
        Relief from Judgment.

2.      My Application for Leave is delayed because
        _____ I had to find help.
        _____ I could not get postage and supplies to file this application.
        __X__ I am not experienced or educated in the law.
        _____ I did not receive my decision in time.
        _____ Other: Explain

Dated:

*Jul 28, 2018*

Respectfully submitted,

Deray Smith  #396856 *in pro per*
Appellant

**PROOF OF SERVICE**

STATE OF MICHIGAN
Wayne COUNTY        } ss

7 - 28 - 2010

        Deray Smith, being sworn, says on ~~5-2 2010~~                    , I
served a copy of Appellant's Application for Leave to Appeal on:

Wayne  County Prosecutor
1441 St. Antoine
Detroit, MI 48226

by placing a copy of same in a sealed envelope with first-class postage fully
prepaid, properly addressed, and depositing it in the United Sates mail at
the above address.

Dated:                                    Respectfully submitted,

~~2-15-2010~~

July 28, 2018

                                          Deray Smith, # 398856

RECEIVED 2010 AUG -2 AM 10: 25

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ............................................................................ ii

BASIS OF JURISDICTION .......................................................................... v

JUDGMENT APPEALED FROM, CONSICE ALLEGATIONS OF ERROR, AND
RELIEF SOUGHT .................................................................................. v

QUESTIONS PRESENTED ..........................................................................viii

STATEMENT OF FACTS ...........................................................................1

ARGUMENTS ...........................................................................................3

SUMMARY &  RELIEF REQUESTED ........................................................14.

i

## INDEX OF AUTHORITIES

**Cases**

*Coleman v Thompson*, 501 US 722, 753-54; 111 S Ct 2546; 115 L Ed 2d 640 (1991)    11

*Crawford v Washington*, 541 US 36; 124 S Ct 1354; 158 L Ed 2d 177 (2004)    passim

*Douglas v Alabama*, 380 US 415; 85 S Ct 1074; 13 L Ed 2d 934 (1965) 4

*Griffith v Kentucky*, 479 US 314, 328; 107 S Ct 708; 93 L Ed 2d 649 (1987)    2

*Mapes v Coyle*, 171 F3d 408 (6th Cir, 1999)    10

*McCalvin v Yukins*, 351 F Supp 2d 665, 670 (ED Mich 2005)    11

*Murray v Carrier*, 477 US 478, 488; 106 S Ct 2678; 91 L Ed 2d 397 (1986)    11

*Ohio v Roberts*, 448 US 56; 100 S Ct 2531; 65 L Ed 2d 597 (1980)    4, 5, 8, 9

*People v Pickens*, 446 Mich 298; 521 NW2d 797 (1994)    3

*People v Barclay*, 208 Mich App 670, 672; 528 NW2d 842 (1995)    10

*People v Beasley*, 239 Mich App 548, 557; 609 NW2d 581 (2000)    3

*People v Bell (On Second Remand)*, 264 Mich App 58 (2004)    9

*People v Carines*, 460 Mich 750; 597 NW2d 130 (1999)    3

*People v Echavarria*, 233 Mich App 356, 358; 592 NW2d 737 (1999)  3

*People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973)    passim

*People v Grant*, 445 Mich 535, 547; 520 NW2d 123 (1994)    10

*People v Hardaway*, 459 Mich 878 (1998)    12

*People v Henry*, 239 Mich 140, 146; 607 NW2d 767 (1999)    10

*People v Johnson*, 215 Mich App 658, 669; 547 NW2d 65 (1996)    10

*People v Kimble*, 470 Mich 305; 684 NW2d 669 (2004)    12

*People v Lonsby*, 268 Mich App 375; 707 NW2d 610 (2005)    1, 2, 7

*People v McGee*, 268 Mich App 600, 609; 709 NW2d 595 (2005)    3

*People v McPherson*, 263 Mich App 124; 687 NW2d 370 (2004)    4

*People v Mileski (On Remand)*, unpublished opinion (#248038, 1-4-07)    9

*People v Reed*, 449 Mich 375; 535 NW2d 496 (1995)    12

*People v Rudolph J. Horton*, Unpublished Opinion No. 268264, August 28, 2007, Michigan Court of Appeals    6

*People v Shutte*, 240 Mich App 713; 613 NW2d 370 (2000)    5

*Pointer v Texas*, 380 US 400; 85 S Ct 1065; 13 L Ed 2d 923 (1965)    4

*Ring v Arizona*, 536 US 584; 122 S Ct 2428; 153 L Ed 2d 556 (2002)    2

*Schirro v Summerlin*, 542 US 348; 124 S Ct 2519; 159 L Ed 2d 442 (2004)    2

*Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984)    11, 12

*Teague v Lane*, 489 US 288; 109 S Ct 1060; 103 L Ed 2d 334 (1989)    2

*United States v Arnold*, 486 F3d 177, 192-193 (6th Cir. 2007)    9

*United States v Burton*, 391 US 123; 88 S Ct 1680; 20 L Ed 2d 476 (1968)    5

*United States v Cronic*, 466 US 648, 658-662; 104 S Ct 2039; 80 L Ed 2d 657 (1984)    12

*United States v Olano*, 507 US 725; 113 S Ct 1770; 123 L Ed 2d 508 (1993)    3

*White v Illinois*, 502 US 346; 112 S Ct 736; 116 L Ed 2d 848 (1992)    4

Rules

MCR 6.508(D)(3)    12

iii

MCR 6.508(D)(3)(a)                                                    12

MCR 6.508(D)(b)(i)                                                    12

MRE 702                                                               7

Constitutional Provisions

Mich Const 1963, art 1, §§ 17, 20                            4

US Const, Am XIV                                              4

USCA Sixth Amendment                                         3

## BASIS OF JURISDICTION

The Court may grant leave to appeal from a final judgment entered by the circuit court MCR 7.203(B)(2), MCR 6.509(A) and MCR 7.205  Appellant appeals by leave the final order entered by Wayne County Circuit Court Judge Daniel P. Ryan on 9-17-09 denying Appellant's Motion for Relief from Judgment. The Court may grant leave from a delayed application filed within 12 months of the Circuit Court decision.  MCR 7.205(F)(3).

## JUDGEMENT APPEALED FROM, CONSICE ALLEGATIONS OF ERROR, AND RELIEF SOUGHT

Appellant filed a Motion for Relief from Judgment pursuant MCR 6.500 in the Wayne County circuit court on 2-25-09.  Appellant appeals the order of 9-17-09 by circuit court Judge Daniel P. Ryan denying Appellant's Motion for Relief from Judgment.  (See Attached Exhibt #1) Defendant-Appellant avers and states the following:

The trial court abused its discretion when it allowed testimonial statements that the confrontation clause plainly has excluded under *Crawford v Washington*.  There were several

v

categoies of statements in the present case (see TT 1-22-04, pp 8-9), that the confrontation clause arguably should have been excluded. The trial court should have excluded assistant medical examiner Cheryl Lowe, to testify to the actual cause of death, where the record clearly establishes that somebody else performed the autopsy. Secondly Mr. Dowell, the victim in the case was not cross-examined, because Defendant-Appellant's attorney at the time chose not to subject him to cross-examinatin, but instead allowed the Defendant-Appellant to be bound-over without the witness being crossexamined on the testimony he had given that was instumental to Defendant-Appellant being bound-over. Counsel was ineffective in not crossexaminig, because when it came time for the actual trial it was to late to bring the witness' testimony under scrutiny because he had died of unrelated causes. As a result Defendant-Appellant lost the opportunity to confront the witness and his testimony/staements were allowed into evidence again, despite objection by trial attorney (see TT 1-22-04, pg. 45 lns 1-25).

The trial court allowed the witness' testimony into evidence citing *Ohio v Roberts*, 448 US 56 (1980) as its reason for doing so. On 3-8-04, the United States Supreme Court overruled *Roberts* and announced a **new** rule which restored the confrontation clause as a fundamental principle of the criminal justice system just as a trial by jury, and the right to counsel.

*Crawford*, applies retrospectively to cases pending on direct appeal at the time it was decided. However, the constitutional guarantee is material to Defendant-Appellant, because, subsequent to his conviction but while his case was still pending on appeal te case of *Crawford*, guaranteed the protection afforded by nthe US Const. which gives an accused the right "to be confronted with the witness against him."

The trial court again abused its discretion, stating in its order and opinion of 9-17-09

vi

## QUESTIONS PRESENTED

1.  WAS THE DEFENDANT DENIED HIS CONSTITUTIONAL RIGHT OF CONFRONTATION BY THE ERRONEOUS ADMISSION OF HEARSAY STATEMENTS FROM DAN GALIDA, AND MR. DOWDELL.  US CONST AMS VI, XIV; MICH CONST ART 1, §§ 17, 20.

Defendant-Appellant answers "yes".
Trial Court answers "no"
Court Appeals answers

2.  WAS DEFENDANT'S APPELLATE ATTORNEY INEFFECTIVE FOR FAILING TO RAISE THE CRAWFORD ISSUE ON DIRECT APPEAL.

Defendant-Appellant answers "yes".
Trial Court answers "no"
Court of Appeals answers

3.  WAS THE DEFENDANT DENIED HIS CONSTITUTIONAL RIGHT OF CONFRONTATION WHEN POLICE OFFICER TWANA POWELL READ FROM A REPORT STATEMENTS PROVIDED BY KEITH EDWARD ROSS AT THE PRELIMINARY EXAMINATION WHEN HE WAS PHYSICALLY PRESENT AND COULD HAVE TESTIFIED HIMSELF AND JONATHAN B.D. SIMON WAS INEFFECTIVE.

Defendant-Appellant answers "yes".
Trial Court answers "no"
Court of Appeals answers

## STATEMENT OF FACTS

Appellant, Deray Smith, was sentenced as a habitual offender to concurrent terms of "LIFE" for violation of MCL 750.316 felony murder, and 373 months to seventy years for armed robbery MCL 750.529 conviction on 2-17-04 for felony murder by the Third Circuit Court. On May 11, 2006, the Michigan Court of Appeals afirmed Defendant-Appellant's conviction and sentence. On 10-31-06, Michgan's Supreme Court deniedDefendant-Appellant's application for leave to appeal. On 4-14-08, this court (i.e., Third Judicial Circuit Court) denied Defendant-Appellant's motion for relief from judgment. On 7-28-09, Michigan's Court of Appeals denied Defendant-Appellant's application for leave to appeal.

Defendant-Appellant then filed a successive  Motion for Relief from Judgment pursuant MCR 6.502(G)(2) et seq. in the Wayne County circuit court on 2-25-09. Defendant-Appellant now appeals the order of  9-17-09 by circuit court Judge Daniel P. Ryan denying Appellant's Motion for Relief from Judgment. (See Attached Exhibt #1)

Defendant-Appellant filed a timely appeal by right Case No. 03-3196-02 in the Michigan Court of Appeals. It was denied on May 11, 2006. Appellant then filed a timely application for leave in the Michigan Supreme Court. It was denied on October 31, 2006. Appellant filed a MCR 6.500 in the trial court. It was denied on April 14, 2008 by the trial court. Defendant-Appellant then filed a timely leave to the Michigan Court of Appeals after the trial courts denial date of 4-14-08, which was denied on 7-28-09 by the Michigan Court of Appeals. Appellant now files this SUCCESSIVE MOTION and, MEMORANDUM IN SUPPORT FOR RELIEF FROM JUDGMENT PURSUANT TO MCR 6.502(G)(2) ET. SEQ. CONCERNING A RETROACTIVE CHANGE IN THE LAW.

1

At the time of trial, Defendant-Appellant was represented by Attorney Robert F. Kinney, III (P35842), Culpepper & Kinney, 615 Griswold St Ste 1220, Detroit, MI 48226. And on appeal of right was represented by Attorney Jonathan B.D. Simon (P35596), PO Box 116, Bloomfield Hills, MI 48303.

The issue of confrontation was not raised and preserved on appeal. And that during the pendency of Defendant-Appellant's appeal, the United States Supreme Court issued it's ruling in *Crawford v Washington*, 541 US 36; 124 S Ct 1354; 158 L Ed 2d 177 (2004), and Michigan issued it's ruling in *People v Lonsby*, 268 Mich App 375; 707 NW2d 610 (2005), which held that, to satisfy the confrontation clause of the Sixth Amendment, it is no longer sufficient that "testimonial" hearsay meets traditional guarantees of reliability under evidentiary rules. Likewise in Michigan, where the in-court testimony of one scientist was offered for the purpose of introducing the laboratory report, findings, and conclusions of a different, non-testifying scientist.

*Crawford*, and *Lonsby, supra*, applies to all cases currently pending on direct appeal. See, *Schirro v Summerlin*, 542 US 348; 124 S Ct 2519; 159 L Ed 2d 442 (2004); *Ring v Arizona*, 536 US 584; 122 S Ct 2428; 153 L Ed 2d 556 (2002) and *Griffith v Kentucky*, 479 US 314, 328; 107 S Ct 708; 93 L Ed 2d 649 (1987) (even new procedural rules apply to all cases still pending on direct review). Those provisions apply to this instant matter as well. See, *Teague v Lane*, 489 US 288; 109 S Ct 1060; 103 L Ed 2d 334 (1989).

2

# ARGUMENTS

## ISSUE I

**DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT OF CONFRONTATION BY THE ERRONEOUS ADMISSION OF HEARSAY STATEMENTS FROM DAN GALIDA, AND MR. DOWDELL.  US CONST AMS VI, XIV; MICH CONST ART 1, §§ 17, 20.**

## STANDARD OF REVIEW:

Whether the admission of testimony violates a defendant's right under the Confrontation Clause presents a question of constitutional law that must be reviewed *de novo. People v Beasley*, 239 Mich App 548, 557; 609 NW2d 581 (2000).

A trial court necessarily abused its discretion "when it admits evidence that is inadmissible as a matter of law." *People v McGee*, 268 Mich App 600, 609; 709 NW2d 595 (2005).  However, because Defendant-Appellant's arguments in this regard are strictly unpreserved, this Court must also review for Plain Error That Affected Defendant's Substantial Rights. *People v Carines*, 460 Mich 750; 597 NW2d 130 (1999), and the federal test cited in: *United States v Olano*, 507 US 725; 113 S Ct 1770; 123 L Ed 2d 508 (1993).

Evidentiary rulings are reviewed for abuse of discretion, but this error involves a Constitutional question as well as ineffective assistance of counsel and should be reviewed *de novo. People v Echavarria*, 233 Mich App 356, 358; 592 NW2d 737 (1999); *People v Pickens*, 446 Mich 298; 521 NW2d 797 (1994).

## DISCUSSION/ANALYSIS:

3

This constitutional guarantee is of materiality to Defendant-Appellant because; subsequent to his conviction, but while his case was still pending on appeal - the case of *Crawford, supra*, guaranteed the protection afforded by the USCA Sixth Amendment.

The Sixth Amendment to the United States Constitution gives an accused the right " ...to be confronted with the witnesses against him.... " See also, Mich Const 1963, art 1, §§ 17, 20. The Federal constitutional right applies to state prosecutions under the Due Process Clause of US Const, Am XIV. *Pointer v Texas*, 380 US 400; 85 S Ct 1065; 13 L Ed 2d 923 (1965). The right of confrontation also includes the right of cross-examination. *Douglas v Alabama*, 380 US 415; 85 S Ct 1074; 13 L Ed 2d 934 (1965).

The United States Supreme Court reaffirmed the interrelationship between the hearsay rules and the Sixth Amendment Confrontation Clause. *White v Illinois*, 502 US 346; 112 S Ct 736; 116 L Ed 2d 848 (1992); *Crawford v Washington*, 541 US 36; 124 S Ct 1354; 158 L Ed 2d 177 (2004).

*Crawford* applies to all cases on direct review. *People v McPherson*, 263 Mich App 124; 687 NW2d 370 (2004).

The United States Supreme Court decided the case of *Crawford*, which over-ruled the notoriously malleable two prong test form *Ohio v Roberts*, 448 US 56; 100 S Ct 2531; 65 L Ed 2d 597 (1980), that permitted prosecutors to use out of court statements of non-testifying declarants if the statements either fell within a "firmly rooted" hearsay exception or if the statement had an adequate "indicia of reliability".

In *Crawford, supra*, the United States Supreme Court held that 6th Amendment confrontation violations occurred where the defendant has had no opportunity to cross examine a

non-testifying declarant whose statement is admitted in Court:

    A.    Prior testimony given at a prior proceeding (such as a Grand Jury hearing, Preliminary examination, and or Trial);

    B.    Official statements given to government officials (such as affidavits, depositions, and confessions);

    C.    Also, any statements, reports, statements made to police in response to questioning (including and not limiting laboratory reports and/or dying declarations).

In Michigan the lower courts have properly used the *Ohio v Roberts*, test to admit such testimonial statements.  The Supreme Court specifically cited the Michigan Court of Appeals decision in *People v Shutte*, 240 Mich App 713; 613 NW2d 370 (2000).  It is clear that the Michigan Circuit Courts, perhaps more than often, have consistently and flagrantly violated *United States v Burton*, 391 US 123; 88 S Ct 1680; 20 L Ed 2d 476 (1968), by manipulating the *Roberts, supra*, test in favor of the prosecution.

During trial there were several categories of statements in the present case that the Confrontation Clause arguably should have excluded.  First, the prosecutor was allowed to stipulate to the autopsy of Timothy Allen, where the prosecutor allowed [Assistant Medical Examiner: CHERYL LOWE], to testify to the actual cause of death, where the record clearly establishes that [Fellow Forensic Pathology: DAN GALIDA], actually performed the autopsy. This was discovered when the following testimony ensued:

PROSECUTOR [DEMETRIA BRUE]:

Q    Doctor, I'd like to direct your attention to the date of November 16th 2002 as well as November 17th, 2002.  Did you have occasion to come in contact with a body of one Timothy Allen?

ASSISTANT MEDICAL EXAMINER [CHERYL LOWE]:

A  Yes.

Q  And was that on Medical Examiner's Case No. 02-dash-10849?

A  Yes, that's correct.

Q  Thank you.  And did you conduct an autopsy, a post-mortem examination on Mr. Allen's body?

A  *__The autopsy was conducted by a Dr. Dan Galida, a fellow in training, under direct supervison.__*

Q  And did you review his findings?

A  Yes, we did.

Q  Okay.  Did you conduct the autopsy together?

A  Yes.

Q  Thank you.  When you conduct an autopsy, is it a two-part determination where an external examination takes place first and then an internal examination takes place?

A  Yes, that's correct.

Q  Thank you.  Can you describe to the jury what your findings were upon external examination, and in doing so, doctor –

Attachment B (TT, Vol III, January 22, 2004, pp 8-9)(Emphasis added).

In *People v Rudolph J. Horton,* Unpublished Opinion No. 268264, August 28, 2007, Michigan Court of Appeals, the prosecutor offered serologist Paul Donald as an expert in the field of serology and . . . DNA forensic testing.  Serologists Paul Donald, Michelle Marfori, and Rodney Wolfarth all performed laboratory tests related to this case, but only Donald testified at

trial.  Some of Donald's testimony was based on the written reports and findings of Marfori and Wolfarth.  In particular, Donald testified that Wolfarth found evidence of human blood in several samples taken from defendant's apartment and in a sample taken from a blue blanket discovered by the police.  Donald then testified that Mafori tested the samples and that she concluded that the victims blood matched certain of the samples taken from defendant's apartment.  Lastly, Donald testified that Wolfarth compared the victim's blood to the blood collected from the blue blanket, and that Wolfarth concluded that the samples matched.

There, the Court did not question Donald's qualifications as an expert witness in the field of serology and DNA testing.  See MRE 702.  However, the Court concluded that Donald's testimony concerning Marfori's and Wolfarth's out-of-court findings and laboratory reports constituted hearsay that was admitted in violation of the rules of evidence and in violation of defendant's right to confront the witness against him.

Similar to the introduction of the out-of-court laboratory report in *Lonsby*, the introduction in this case of the non-testifying medical examiners reports and findings through Medical Examiner Cheryl Lowe's hearsay testimony deprived Defendant-Appellant of the ability to confront the witnesses against him.  Fellow Medical Examiner Dan Galida's autopsy report and cause of death "clearly qualify" as statements that [the non-testifying medical examiners] would reasonably expect would be used in a prosecutorial manner and at trial.  Because there was no showing that Medical Examiner Dan Galida was unavailable, and because Defendant-Appellant had not received a prior opportunity to cross-examine her, the testimonial hearsay concerning Dan Galida's reports and findings was "inadmissable as violative of the Confrontation Clause."  The Trial Court plainly erred by admitting this evidence.

7

Further, at the conclusion of the prosecutors direct examination, defense counsel committed ineffective assistance of counsel:

THE COURT: [JUDGE DANIEL P. RYAN]: Pass the witness to defense for cross.  Mr. Daniels?

MR. DANIEL:   [CO-DEFENDANT: GLOVER'S ATTORNEY]: We have no questions, your Honor.

THE COURT:        Mr. Kinney

MR. KINNEY: [DEFENSE COUNSEL FOR DEFENDANT SMITH]: No questions at this time.

THE COURT:        All right.  Thank you.  You may step down.

Attachment B (TT, Vol III, January 22, 2004, p 13, lines 6-13)(Emphasis added).

Subsequently, this was not the only violation of Defendant-Appellant's right to confront his accusers.  That on January 21, 2004, defense counsel stipulated on the record and the following ensued:

MR. KINNEY:        And secondly, I just found out that Mr. Dowdell passed sometime last year.

THE COURT:        Right.

MR. KINNEY:        And we have his testimony form the preliminary examination, from Mr. Smith's preliminary examination.  His attorney, Mr. Harris, didn't cross-examine at all, and I think that there was some knowledge at that time that Mr. Dowdell was gravely ill at that time.

THE COURT:        Yeah, he passed away as a result of his kidney failure, diabetes.

MR. KINNEY:        Yes, Your Honor.

THE COURT:        *But as long as the defense has an opportunity to cross under **804 (b) (1)**, the former testimony exception, __**Ohio vs. Roberts**__ **is the leading case**, that may be trial strategy and may not necessarily be any necessity to cross-examine the victim of an armed robbery under*

8

*those particular circumstances.* **So the opportunity was presented, there's no confrontation clause issues, and although it was presented, it was declined.**

MR. KINNEY:  **Yes, Your Honor. I would like my objection to be noted.**

THE COURT:  It is noted for the record.

Attachment B (TT, Vol II, January 21, 2004, pp 44-45)(Emphasis added).

Here, the trial judge made a ruling consistent with Michigan jurisprudence at that particular point in time. Never-the-less, that ruling/conviction was January 27, 2004. As of June 2004, the ruling of the trial judge in the case at bar is in question due to the decision in *Crawford*.

The Court of Appeals, on remand from the Supreme Court, has applied *Crawford* retrospectively: "*Crawford* applies retrospectively to cases pending on direct appeal at the time it was decided," *People v Mileski (On Remand)*, unpublished opinion (#248038, 1-4-07), citing *People v Bell (On Second Remand)*, 264 Mich App 58 (2004).

The testimonial statement of a non testifying declarant is barred even if it falls within a hearsay exception and the decision in *Ohio v Roberts,* 448 US 56 (1980), which allowed such statements if they bore "adequate indicia of reliability," is overruled. *Crawford v Washington*, 541 US 36 (2004). *See also, United States v Arnold*, 486 F3d 177, 192-193 (6th Cir, 2007) (holding that the United States Supreme Court decision in *Ohio v Roberts, supra*, has been overruled in all respects).

Defendant-Appellant's conviction should be vacated and remanded for a new trial.


## ISSUE II

## DEFENDANT'S APPELLATE ATTORNEY WAS INEFFECTIVE FOR FAILING TO RAISE THE CRAWFORD ISSUE ON DIRECT APPEAL.

**STANDARD OF REVIEW:**

Defendant did not raise this issue in the trial court, but he can raise ineffective assistance of counsel for the first time on appeal, because it involves a claim of constitutional error which could have been decisive of the outcome. *People v Grant*, 445 Mich 535, 547; 520 NW2d 123 (1994); *People v Johnson*, 215 Mich App 658, 669; 547 NW2d 65 (1996); *People v Henry*, 239 Mich App 140, 146; 607 NW2d 767 (1999). *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973). For ineffective assistance of counsel claims, the *de novo* standard of review applies to the existing record. *See, e.g., People v Barclay*, 208 Mich App 670, 672; 528 NW2d 842 (1995).

**DISCUSSION:**

Appellate attorney Jonathan B.D. Simon (P35596) filed a brief on behalf of Defendant-Appellant on October 14, 2005 which failed to address the *Crawford* Confrontation Clause issue that was decided on March 8, 2004. The failure to address this new decision was ineffective assistance of appellant counsel.

This motion is based upon numerous violations of Deray J. Smith's Constitutional rights under the Sixth and Fourteenth Amendments of the United States Constitution and Sections Seventeen and Twenty of the Michigan Constitution.

*Mapes v Coyle*, 171 F3d 408 (6th Cir, 1999) states:

"The cases decided by this court on the issue of ineffective assistance of appellate counsel suggest the following considerations that ought to be taken into account in determining whether an attorney on direct appeal performed reasonably competently.

1. *Were the omitted issues "significant and obvious"?*
2. Was there arguably contrary authority on the omitted issues?
3. *Were the omitted issues clearly stronger that those presented?*
4. Were the omitted issues objected to at trial?

10

5.   Were the trial court's rulings subject to deference on appeal?
6.   Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?
7.   What was appellate counsel's level of experience and expertise?
8.   Did the petitioner an appellate counsel meet and go over possible issues?
9.   Is there evidence that counsel reviewed all the facts?
10.  Were the omitted issues dealt with in other assignments of error?
11.  *Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?*" (Emphasis added).

Trial counsel Robert F. Kinney, III (P35842) objected to the admission of the preliminary examination testimony of Mr. Dowdell under the presumption of a violation of the confrontation clause. Appellate counsel Jonathan B.D. Simon (P35596) failed to raise this issue, even though trial counsel objected and it was obvious and significant.

Ineffective assistance of counsel may constitute "cause" to excuse a procedural default if it rises to the level of constitutional ineffectiveness. *McCalvin v Yukins*, 351 F Supp 2d 665, 670 (ED Mich 2005) (overruled on other grounds at 444 F3d 713 (6th Cir, 2006)) citing *Coleman v Thompson*, 501 US 722, 753-54; 111 S Ct 2546; 115 L Ed 2d 640 (1991) and *Murray v Carrier*, 477 US 478, 488; 106 S Ct 2678; 91 L Ed 2d 397 (1986). To succeed on a claim of ineffectiveness, defendant must show both that trial counsel's performance was deficient and that counsel's errors prejudiced the defendant to the extent that he was deprived of a fair trial. *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Under the first prong, the defendant must show that he was deprived of reasonably effective assistance under prevailing professional norms. However, the law imposes a strong presumption that counsel's conduct was reasonable and may have been based on sound trial strategy. Thus, defendant must initially identify those acts or omissions which were not the product of reasonable professional judgment. The failure to assert a legal right or the affirmative waiver of a legal right would

11

establish such an error. Once the underlying error is established, defendant must then rebut the presumption that counsel's conduct was based on sound trial strategy, a process that will require calling trial counsel as a witness at the *Ginther* hearing. Since counsel's conduct must be considered in context, as seen from the perspective of counsel at the time the decision was made, trial counsel should be questioned about the basis for his decisions, focusing on whether the choices were made after thorough investigation of the law and relevant facts. *Strickland*, 466 US at 690.

The second prong of an ineffective assistance claim requires the defendant to establish prejudice. Prejudice is established where there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Strickland*, 466 US at 694. In a very limited number of circumstances, prejudice to the defendant will be presumed, such as where there is a complete absence of counsel, the denial of counsel at a critical stage or the constructive denial of counsel by counsel's complete failure to subject the evidence to meaningful adversarial testing. *United States v Cronic*, 466 US 648, 658-662; 104 S Ct 2039; 80 L Ed 2d 657 (1984). In all other cases, prejudice must be established on the specific facts and circumstances of the case. A showing of prejudice will likely require that additional evidence be submitted at the *Ginther* hearing to fully illustrate the impact of the error on the defendant's right to a fair trial.

These issues could have been raised on appeal, MCR 6.508(D)(3), but Defendant submits that he is entitled to relief because he had good cause for failure to "properly" raise these issues on appeal, MCR 6.508(D)(3)(a); namely, ineffective assistance of appellate counsel. *See e.g., People v Reed*, 449 Mich 375; 535 NW2d 496 (1995); *People v Hardaway*, 459 Mich 878 (1998); *People v Kimble*, 470 Mich 305; 684 NW2d 669 (2004).

Defendant submits that he has demonstrated "actual prejudice" in that but for the alleged errors, he would have had a reasonably likely chance of acquittal.  MCR 6.508(D)(b)(i).

Defendant-Appellant's conviction should be vacated and remanded for a new trial.


## ISSUE III

**DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT OF CONFRONTATION WHEN POLICE OFFICER TWANA POWELL READ FROM A REPORT STATEMENTS PROVIDED BY KEITH EDWARD ROSS AT THE PRELIMINARY EXAMINATION WHEN HE WAS PHYSICALLY PRESENT AND COULD HAVE TESTIFIED HIMSELF.**

**STANDARD OF REVIEW:**

Defendant did not raise this issue in the trial court, but he can raise ineffective assistance of counsel for the first time on appeal, because it involves a claim of constitutional error which could have been decisive of the outcome.  *People v Grant*, 445 Mich 535, 547; 520 NW2d 123 (1994); *People v Johnson*, 215 Mich App 658, 669; 547 NW2d 65 (1996); *People v Henry*, 239 Mich App 140, 146; 607 NW2d 767 (1999).  *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).  For ineffective assistance of counsel claims, the *de novo* standard of review applies to the existing record.  *See, e.g., People v Barclay*, 208 Mich App 670, 672; 528 NW2d 842 (1995).


**DISCUSSION:**

There was an objection made by Mr. Smith's attorney and the statement from the non-testifying Co-Defendant (Keith Ross).  This questionable evidence was very harmful because the information placed Mr. Smith with a gun and the statement gave the Judge the impression that the Defendant had the intent to rob and from the statements the Defendant had knowledge that the Felony Murder-Armed Robbery would occur.  So allowing Officer Twana Powell to read the non-

testifying Co-Defendants statements into the record did effect Defendant's substantial right to have a fair preliminary examination.

The entire written narrative of the interrogation was prejudicial due to the content of who, what, where, when and how of the alleged incident in question and that could have just as well been testified to in person by Mr. Ross thereby allowing the constitutional right of confrontation to take place. The opportunity to confront Mr. Ross was only made after the introduction of this statement as being in totality a fact, therefore, the confrontation of Mr. Ross was already made to be a difficult task for the Preliminary Examination attorney as he needed to refute what was contained in the statement for the first time by confronting Mr. Ross. Without Co-Defendant Keith Ross's Statements there was no way Defendant would have gotten bound over as charged. See *Crawford, supra.*

The Co-Defendant made three conflicting statements and Defendant's counsel objected. See Attachment B (PE, February 28, 2003, p 49, lines 11-23).

Since Wyatt G. Harris (Defendant's Preliminary Examination attorney) did object to the statements as noted by the record, then Jonathan B.D. Simon (Defendant's appellate attorney) was ineffective for failing to raise this issue on direct appeal. The error was plain and obvious. See *Mapes v Coyle, supra.*

## SUMMARY & RELIEF

Defendant-Appellant has sufficiently overcome the bars against granting relief under MCR 6.508(D)(3). He has established good cause for failure to raise the grounds for such relief on appeal or in a prior motion by demonstrating that both his trial and appellate counsels rendered deficient performances. In addition, he has demonstrated actual prejudice from the alleged

14

irregularities that support the claim for relief by demonstrating that, but not for trial and appellate counsels errors there exist a reasonable likelihood that his chances of success would have been different. Further this court should find that counsels errors in this case were so offensive to the maintenance of a sound judicial process that Defendant-Appellant's conviction should not be allowed to stand.

Accordingly, Defendant-Appellant request that this Court ORDER a new trial, ORDER a re-sentencing, and/or any other relief the Court deems necessary.

Respectfully submitted,

By: _____
Deray J. Smith # 398856
In Propria Persona
MacombCorrectional Facility
34625  26 Mile Rd.
New Haven, Michigan 48048

15

STATE OF MICHIGAN
THIRD JUDICIAL CIRCUIT COURT
FOR THE COUNTY OF WAYNE


THE PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff,

-vs-                                Hon. Daniel P. Ryan
                                      Case # 03-003196-02

DERAY SMITH,

        Defendant.

_____/

## ORDER

At a session held in Frank Murphy Hall of Justice

On        SEP 1 7 2009 _____

PRESENT: _____HON. DANIEL P. RYAN_____
                      CIRCUIT COURT JUDGE

     Following a jury trial, on January 27, 2004, defendant, Deray Smith was convicted of first degree felony murder, contrary to **MCL 750.316; MSA 28.548**, and armed robbery, contrary to **MCL 750.529; MSA 28.797**. On February 17, 2004, defendant was sentenced as a habitual offender to concurrent terms of "LIFE" for the murder conviction and 373 months to seventy years for the armed robbery conviction. On May 11, 2006, Michigan's Court of Appeals affirmed defendant's conviction and sentence. On October 31, 2006, Michigan's Supreme Court denied defendant's application for leave to appeal. On April 14, 2008, this Court denied defendant's motion for relief from judgment. On July 28, 2009, Michigan's Court of Appeals denied defendant's application for leave to appeal. Defendant now comes before the court on a successive motion for relief from judgment, pursuant to **MCR 6.502 et seq.**

     Defendant's issues are as follows: 1] deprivation of constitutional right of confrontation by the erroneous admission of hearsay statements from Dan Galida and Mr. Dowdell.  2] Denial of his right to confrontation when police officer, Twana Powell, read from statements provided by Keith Ross at the preliminary examination, when Mr. Ross was physically present and could have testified himself.  3] Defendant's appellate attorney was ineffective for failing to raise the Crawford issue on direct appeal. 4] Defendant asserts his trial counsel is also ineffective for not raising the Crawford issue

prior to him being bound over to the circuit court.  Defendant asserts this Court should review his successive motion based upon a retroactive change in law.

In **Teague v Lane**, 489 US 288; 109 S Ct 1060; 103 L Ed 2d 334 (1989), the United States Supreme Court set forth the federal standard for determining whether a rule regarding criminal procedure should be applied retroactively to cases in which a defendant's conviction has become final. *Teague* established the "general rule" that new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced. **Id** at 310. However, defendant was convicted and subsequently sentenced on February 17, 2004.   Crawford v. Washington was decided on March 8, 2004, defendant's appeal of right was not decided until May 11, 2006.  Defendant's motion for relief from judgment was not decided until April 16, 2008.   Thus, Crawford was already "in effect" at the time defendant's appeal and post-conviction motion was decided.  **MCR 6.508(D)(2)** states, "a defendant is not entitled to relief where he "alleges grounds for relief, which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision." **Id**. Accordingly, defendant has not shown any retroactive change in the law or where the prior decision was undermined by subsequent case law.  Thus, according to the **MCR 6.502(G)(2)** defendant is not eligible to file a second or subsequent motion whereas this motion is *not based on a retroactive change in law* that occurred after the first motion or appeal.

Further, many of the issue(s)[1] defendant posits for this court's consideration have been brought before Michigan's Court of Appeals in an unpublished opinion **People of the State of Michigan v. DeRay Smith**, *Docket# 254523*, or defendant's motion for relief of judgment on **April 14, 2008**.  It is well settled that whatever has been decided here upon one appeal cannot be re-examined in a subsequent appeal of the same suit. **Supervisors v. Kennicott**, 94 U.S. 498, 499 (U.S., 1877); **MCR 6.508**.

Thus, as defendant has previously filed an MRJ, he is precluded from filing a successive motion for relief from judgment pursuant to **MCR 6.502(G)**.  **MCR 6.502(G)(1)** states that after August 1, 1995, one and only one motion for relief from judgment may be filed with regard to a conviction.  Defendant does not present any exemptions, which would entitle him to file a second motion for Relief from Judgment. **MCR 6.502.** Therefore, defendant's 2nd motion for relief from judgment is **DENIED**

DATED: SEP 17 2009 _____

_____
CIRCUIT COURT JUDGE

---

[1]Defendant has previously raised: Ineffective assistance of counsel, legally sufficient evidence, admission of custodial statements, similar acts evidence, speedy trial (180 day rule) violation, evidentiary hearing and prosecutorial misconduct.