UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERAY SMITH, #398856,

    Petitioner,　　　　　　　　　　　　　　　　Civil Action 09-CV-14876

vs.　　　　　　　　　　　　　　　　　　　　　　HON. BERNARD A. FRIEDMAN

LLOYD RAPELJE,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTIONS FOR
RELIEF FROM JUDGMENT AND FOR AN EVIDENTIARY HEARING**

    This matter is presently before the Court on petitioner's motion for relief from judgment [docket entry 95] and his related motion for an evidentiary hearing [docket entry 94]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall deny both motions.

    This is a closed habeas matter, in which petitioner challenges his February 2004 conviction for armed robbery and first-degree murder. The Court dismissed the petition in May 2012 because it was barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1) [docket entries 35, 36]. Petitioner filed a notice of appeal, but the Sixth Circuit denied petitioner a certificate of appealability. *See Smith v. Rapelje*, No. 12-1816 (6th Cir. Jan. 3, 2013) [docket entry 54].

    Years later, in October 2016, petitioner filed a motion for relief from judgment [docket entry 71], arguing, among other things, that the judgment should be vacated because this Court never had jurisdiction over his habeas petition because the state trial court never decided his September 2004 motion for a new trial that was filed in the trial court during the pendency

of his appeal of right with the Michigan Court of Appeals. In October 2016, the Court denied petitioner's motion for relief from judgment for the following reasons:

> Petitioner's motion for relief from judgment is denied because this Court's jurisdiction is not defeated by the alleged procedural error committed by the trial court in failing to decide petitioner's September 2004 motion for new trial. Petitioner's remedy was to file a motion with the trial court seeking a ruling on the pending motion or including this alleged error in a motion with that court as a basis for seeking relief from judgment. Failing this, petitioner could have filed a motion with the Michigan Court of Appeals seeking to stay the appeal until that motion was decided or seeking to remand the matter to the trial court for a ruling on that motion or seeking leave to amend appellant's brief to include argument (assuming it had been omitted) on the issue(s) raised in the motion for new trial. Failing this, petitioner could have called the issue to the attention of the Michigan Supreme Court, which could have taken appropriate, remedial action.
>
> However, any such alleged procedural error by the trial court has no bearing on this Court's jurisdiction to decide petitioner's habeas petition. Under 28 U.S.C. § 2254, this Court has jurisdiction over a habeas petition if petitioner is "in custody pursuant to the judgment of a State court" and he has exhausted his state court remedies. In the present case, these conditions were met before the Court entered its judgment, as petitioner was in custody pursuant to the Wayne County Circuit Court's judgment and petitioner had exhausted his remedies by seeking, but not receiving, review of the Michigan Court of Appeals' affirmance of the trial court's judgment. Under these circumstances, this Court plainly had jurisdiction to entertain petitioner's habeas petition, notwithstanding the trial court's alleged error in failing to decide petitioner's September 2004 motion for new trial.

Op. & Ord. Denying Pet.'s Mot. for Relief from J. at 1-2 [docket entry 72].

In a February 2017 motion for reconsideration [docket entry 76], petitioner argued that he was entitled to equitable tolling of the one-year limitations period applicable to habeas petitions because his September 2004 motion for new trial was never decided by the trial court.

2

The Court denied this motion in February 2017 [docket entry 77]. Petitioner appealed this order, but the Sixth Circuit declined to issue a certificate of appealability for the following reasons:

> Reasonable jurists could not debate the district court's denial of Smith's motion for reconsideration. Smith's reconsideration motion merely repeated the arguments made in his motion for relief from judgment and failed to demonstrate a palpable defect. In his motion for a certificate of appealability, Smith contends that the statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), apparently asserting that the limitations period has been tolled since September 2004 when he filed his motion for a new trial and that his habeas petition was therefore timely. But a motion for a new trial filed before a defendant files his direct appeal is not a post-conviction motion. *See Pudelski v. Wilson*, 576 F.3d 595, 607 (6th Cir. 2009).

*Smith v. Bauman*, No. 17-1263 (6th Cir. Sept. 1, 2017) [docket entry 90].

Petitioner has now once again filed a motion for relief from judgment [docket entry 95]. Petitioner argues that he is entitled to equitable tolling of the one-year limitations period applicable to the filing of habeas petitions because the unresolved motion for a new trial, filed in the trial court in September 2004, constitutes a post-conviction motion within the meaning of 28 U.S.C. § 2244(d)(2) that would render the petition timely filed.

This motion is a rehash of petitioner's argument that the one-year limitations period should have been tolled, and should still be tolled, because his motion for a new trial has not been decided. The only new slant to this argument is that petitioner is now in possession of an email dated April 20, 2020, from his appellate attorney, Jonathan Simon, to Patrick Macrae, whose email address suggests he is affiliated with Wayne County Circuit Court, noting that the September 2004 motion for new trial remains pending and asking that the trial judge "appoint

appellate counsel to represent Mr. Smith in this matter." Pet.'s Mot. for Relief from J. at 7 [PageID.2534]. This email adds nothing of substance to petitioner's equitable tolling argument, and it is not newly discovered evidence within the meaning of Fed. R. Civ. P. 60(b)(2), as petitioner has known for years that his motion for new trial was never decided. As noted above, petitioner pointed to that undecided motion as a basis for seeking relief from this Court's judgment in October 2016 [docket entry 71]. For the reasons stated previously by this Court and by the Sixth Circuit, petitioner is not entitled to equitable tolling of the limitations period based on this undecided motion for new trial. This issue has been conclusively resolved against petitioner, and he is collaterally estopped from raising this issue again. Accordingly,

IT IS ORDERED that petitioner's motion for relief from judgment and the related motion for an evidentiary hearing are denied.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis, as any appeal in this matter would be frivolous.

                                                     s/Bernard A. Friedman
                                                     Bernard A. Friedman
Dated: October 28, 2020             Senior United States District Judge
        Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 28, 2020.

Deray Smith, #398856                    s/Johnetta M. Curry-Williams
Earnest C. Brooks Correctional Facility     Case Manager
2500 S. Sheridan Drive
Muskegon Heights, MI 49444